UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M., a minor, by and through his guardian ad litem Farrah McWilliams,<br><br>Plaintiff,<br><br>v.<br><br>TULARE CITY SCHOOL DISTRCT,<br><br>Defendant. | Case No. 1:21-cv-01766-NONE-EPG<br><br>**ORDER DENYING APPLICATION OF FARRAH MCWILLIAMS FOR APPOINTMENT AS GUARDIAN AD LITEM FOR J.M., A MINOR, WITHOUT PREJUDICE**<br><br>(ECF No. 2) |

On December 14, 2021, J.M., a minor, filed this action against the Tulare City School District. (ECF No. 1). Before the Court is Farrah McWilliams' application to be appointed as guardian ad litem for J.M. (ECF No. 2.) Because the application does not comply with Local Rule 202, the Court will deny the application without prejudice.

**I.    LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a

> showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
>
> . . .
>
> (c) **Disclosure of Attorney's Interest.** When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202. The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986).

## II.     DISCUSSION

The application was filed upon commencement of this action and states that Plaintiff J.M. is a minor and was born on July 31, 2016. (ECF No. 2.) J.M. has no general guardian and no previous petition for appointment of a guardian ad litem has been filed in this matter.  (*Id.*) Farrah McWilliams is J.M.'s mother, primary caretaker, and education rights holder. (*Id.*) Mrs. McWilliams resides in Tulare, California, and is fully competent to act as J.M.'s guardian ad litem. (*Id.*) She does not have any interests adverse to J.M. and is not connected in business with the proposed adverse party. (*Id.*) Mrs. McWilliams is fully competent and responsible to prosecute this action for J.M. (*Id.*)

The application does not comply with Local Rule 202(c). Although J.M. has appeared through counsel in this matter, the application does not disclose the terms under which the attorney was employed; whether the attorney became involved in the application at the insistence of the defendant, directly or indirectly; whether the attorney stands in any relationship to the defendant; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. E.D. Cal. L.R. 202(c). The Court will therefore deny the application without prejudice to refiling an application that complies with Local Rule 202.

///

///

### III.   CONCLUSION AND ORDER

For the foregoing reasons, it is HEREBY ORDERED that Farrah McWilliams' application (ECF No. 2) to be appointed as guardian ad litem for J.M. is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **December 16, 2021**          /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE