# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M., a minor, by and through his guardian ad litem Farrah McWilliams,<br><br>Plaintiff,<br><br>v.<br><br>TULARE CITY SCHOOL DISTRCT,<br><br>Defendant. | Case No. 1:21-cv-01766-NONE-EPG<br><br>**ORDER DENYING APPLICATION OF FARRAH MCWILLIAMS FOR APPOINTMENT AS GUARDIAN AD LITEM FOR J.M., A MINOR, WITHOUT PREJUDICE**<br><br>(ECF No. 6) |

On December 14, 2021, J.M., a minor, filed this action against the Tulare City School District. (ECF No. 1). Before the Court is Farrah McWilliams' application to be appointed as guardian ad litem for J.M. (ECF No. 6.) Because the application does not comply with Local Rule 202, the Court will deny the application without prejudice.

**I.     LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a

1

> showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
>
> . . .
>
> (c) **Disclosure of Attorney's Interest.**  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202. The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986).

**II.     DISCUSSION**

On December 14, 2021, Farrah McWilliams filed her first application to be appointed as J.M.'s guardian ad litem. (ECF No. 2.) The Court denied the application without prejudice because it did not disclose J.M.'s attorney's interest and therefore did not comply with Local Rule 202. (ECF No. 5.)

The present application, which was filed on December 17, 2021, states that Plaintiff J.M. is a minor and was born on July 31, 2016. (ECF No. 6.) J.M. has no general guardian and no previous petition for appointment of a guardian ad litem has been filed in this matter. (*Id.*) Mrs. McWilliams is J.M.'s mother, primary caretaker, and education rights holder. (*Id.*) Mrs. McWilliams resides in Tulare, California, and is fully competent to act as J.M.'s guardian ad litem. (*Id.*) She does not have any interests adverse to J.M. and is not connected in business with the proposed adverse party. (*Id.*) Mrs. McWilliams is fully competent and responsible to prosecute this action for J.M.[1] (*Id.*)

According to the application, Daniel Shaw was retained by Mrs. McWilliams to represent J.M. in this matter. (ECF No. 6.) The Shaw Firm will be compensated in this matter should they be deemed the prevailing party. (*Id.*) Ms. Shaw did not become involved in this matter at the

---

[1] The application states that "Ms. McWilliams is fully competent and responsible to prosecute the proposed action for S.B." (ECF No. 6.) However, the reference to S.B. appears to be an error.

insistence of the Defendant, and he does not stand in any relationship to any party, other than as attorney for Mrs. McWilliams and J.M. (*Id.*)

The application does not comply with Local Rule 202(c). Although the application provides further information about Mr. Shaw's employment, it does not disclose the terms under which he was employed or the amount or percentage of compensation he expects to receive if Plaintiff prevails. The Court will therefore deny the application without prejudice to refiling an application that complies with Local Rule 202.

### III. CONCLUSION AND ORDER

For the foregoing reasons, it is HEREBY ORDERED that Farrah McWilliams' application (ECF No. 6) to be appointed as guardian ad litem for J.M. is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **December 27, 2021**                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE

3