UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M., a minor, by and through his guardian ad litem Farrah McWilliams,<br><br>Plaintiff,<br><br>v.<br><br>TULARE CITY SCHOOL DISTRCT,<br><br>Defendant. | Case No. 1:21-cv-01766-AWI-EPG<br><br>**ORDER DENYING APPLICATION OF FARRAH MCWILLIAMS FOR APPOINTMENT AS GUARDIAN AD LITEM FOR J.M., A MINOR, WITHOUT PREJUDICE**<br><br>(ECF No. 8) |

On December 14, 2021, J.M., a minor, filed this action against the Tulare City School District. (ECF No. 1). Before the Court is Farrah McWilliams' third application to be appointed as guardian ad litem for J.M. (ECF No. 8.) Because the application does not comply with Local Rule 202, the Court will deny the application without prejudice.

**I.     LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a

1

> showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
>
> . . .
>
> (c) **Disclosure of Attorney's Interest.**  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202. The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986).

**II.    DISCUSSION**

On December 14 and 17, 2021, Farrah McWilliams filed her first and second applications to be appointed as J.M.'s guardian ad litem. (ECF No. 2.) The Court denied both applications without prejudice because they did not disclose J.M.'s attorney's interest and therefore did not comply with Local Rule 202. (ECF Nos. 5, 7.) In relevant part, Ms. McWilliam's second application stated:

> Daniel Shaw was retained by Mrs. McWilliams to represent J.M. in this matter. The Shaw Firm will be compensated in this matter should they be deemed the prevailing party. Daniel Shaw did not become involved in this matter at the insistence of the Defendant. Daniel Shaw stands in no relationship to any Party, other than as attorney for Mrs. McWilliams and J.M.

(ECF No. 6 at 1-2.) No other information regarding the terms of Mr. Shaw's employment or the amount or percentage of compensation he expects to receive was provided. (*See id.*)

Ms. McWilliams filed her third application on January 5, 2022. (ECF No. 8.) The Shaw Firm, who is seeking the Court's permission to represent a minor, has responded to the Court's repeated orders that it disclose the terms of representation by stating the following: "The Shaw Firm bills on an hourly basis and is not taking any percentage of the compensatory damages sought in this case. All causes of action include prevailing party attorney's fees." (ECF No. 8 at

1-2.)[1]

These are not terms of The Shaw Firm's representation. The application does not specify when and under what terms The Shaw Firm will be paid. For example, the application does not address the terms for compensation in the event of a settlement. It does not state who is responsible for costs incurred in the lawsuit. It does not make it clear if the minor will ever be liable for the hourly fees. It does not state the hourly fees charged or the amount The Shaw Firm expects to receive if Plaintiff prevails. If counsel is representing that The Shaw Firm will only get paid in the event the Court awards attorneys' fees, it must state so clearly. Not only does the current disclosure not comply with Local Rule 202, but it also does not provide a sufficient basis for the Court to determine that the representation is fair to the minor plaintiff, including that the terms are sufficiently defined to cover potential resolutions in the case.

The Court will deny the application without prejudice and give counsel a further opportunity to comply with the requirements of Local Rule 202(c). However, any renewed application must specify the exact terms of representation or attach the contract governing the terms of The Shaw Firm's representation. If counsel fails to do so, the Court will deny the application with prejudice.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, it is HEREBY ORDERED that Farrah McWilliams' application (ECF No. 8) to be appointed as guardian ad litem for J.M. is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **January 6, 2022**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The application filed on January 5, 2022 is otherwise identical to Ms. McWilliams' second application, including a reference to Ms. McWilliams seeking to prosecute the proposed action for "S.B." which appears to be in error. (*See* ECF Nos. 6, 8.)