UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M., a minor, by and through his guardian ad litem Farrah McWilliams,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TULARE CITY SCHOOL DISTRCT,<br><br>　　　　　　Defendant. | Case No. 1:21-cv-01766-AWI-EPG<br><br>**ORDER GRANTING FARAH MCWILLIAMS' APPLICATION FOR APPOINTMENT AS GUARDIAN AD LITEM FOR J.M., A MINOR**<br><br>(ECF No. 10) |

　　　　On December 14, 2021, J.M., a minor, filed this action against the Tulare City School District asserting claims under the IDEA, Section 504, and Title II of the Americans with Disabilities Act. (ECF No. 1). Before the Court is Farrah McWilliams' application to be appointed as guardian ad litem for J.M. (ECF No. 10.) For the following reasons, the Court will grant the application.

**I.　　LEGAL STANDARDS**

　　　　Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

　　(a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment

1

>of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
>
>. . .
>
>(c) **Disclosure of Attorney's Interest.**  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986). Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000); *Doe v. Heck*, 327 F.3d 492, 521 (7th Cir. 2003). Generally, there is no inherent conflict of interest when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child. *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001); *see also Brown v. Alexander*, 2015 WL 7350183 at *2 (N.D. Cal. Nov. 20, 2015) ("In general, a parent who is also a party to the lawsuit is presumed to be a suitable guardian ad litem, and so the court often appoints the parent as guardian ad litem upon receipt of an ex parte application without exercising much discretion.") (citation omitted).

## II.    SUMMARY OF APPLICATION

The application states that J.M. is a minor child and was born on July 31, 2016. Mrs. McWilliams is J.M.'s mother, primary caretaker, and education rights holder. Mrs. McWilliams resides in Tulare, California, and is fully competent to act as J.M.'s guardian ad litem. Mrs. McWilliams does not have any interests adverse to J.M., is not connected in business with the adverse party, and is fully competent and responsible to prosecute the proposed action for J.M. (ECF No. 10 at 1.)

Mrs. McWilliams has retained Daniel Shaw to represent J.M. in this matter. Mrs. McWilliams retained the Shaw Firm to appeal Office of Administrative Hearings Case No.

202103770 in part, as well as to raise additional claims under Section 504 and Title II of the American's with Disabilities Act. (ECF No. 10 at 1-2.) Mrs. McWilliams is solely responsible for paying attorneys' fees and costs. Mrs. McWilliam agreed to pay a retainer upfront. The Shaw Firm will bill between $150-$500 dollars per hour, depending on the attorney or paralegal working on the case. J.M. is a minor and cannot contract with a law firm, and will never be responsible to pay any attorney's fees or costs associated with this case. The Shaw Firm will be compensated in this matter if J.M. is deemed the prevailing party. The Shaw Firm bills on an hourly basis and is not taking any percentage of the compensatory damages sought in this case. All causes of action include prevailing party attorneys' fees. Mr. Shaw did not become involved in this matter at the instance of the defendant and he stands in no relationship to any party, other than as the attorney for Mrs. McWilliams and J.M. (*Id.* at 2.)

Mr. Shaw also filed a declaration in support of the application. (ECF No. 10-1.) Mr. Shaw's declaration explains that the vast majority of his firm's clients cannot afford their fees. As a result, The Shaw Firm's contracts are set up so that clients do not pay fees unless The Shaw Firm requests they do so. The Shaw Firm can serve children with disabilities and their parents in this manner because special education law provides for prevailing party attorneys' fees. (*Id.* at 1.) Otherwise, very few parents would be able to access the courts and seek the protections afforded under special education law and related civil rights laws. The majority of Mr. Shaw's clients do not pay any attorneys' fees or costs upon disposition of the case. Any remaining fees after disposition of the case are waived. The Shaw Firm operates in this manner because, as a parent of a child with special needs, Mr. Shaw does not believe parents should be subject to paying expensive fees to get their children help (*Id.* at 2.)

Mrs. McWilliams retained Mr. Shaw to appeal the order issued in OAH Case No. 2021030770 and to bring claims under Section 504 and Title II. Mrs. McWilliams paid a retainer in the amount of $25,000.00. Under the terms of her agreement with Mr. Shaw, Mrs. McWilliams is responsible for paying attorneys' fees and costs associated with the appeal, but will only required to pay additional attorneys' fees and costs if The Shaw Firm makes that request. If they do not succeed in the case, The Shaw Firm will likely never get paid in full. Mr. Shaw cannot tell the Court when and what amount his office will ever get paid in this case, but he will only be paid

in full if the Court awards attorneys' fees or pursuant to a settlement which will require the approval of the Court. (ECF No. 10-1 at 2.) If there is a settlement, Mr. Shaw's fees would be agreed upon and would require the Court's approval. (*Id.* at 3.)

### III.  DISCUSSION

J.M. is a minor and lacks capacity to sue under California law. Therefore, appointment of a guardian ad litem is necessary and appropriate. The application complies with Local Rule 202(c)'s requirements for disclosure of the attorney's interests. There does not appear to be any conflict of interest between Plaintiff and the proposed guardian ad litem. Additionally, as Plaintiff's parent, Mrs. McWilliams is presumed to act in the minor plaintiff's best interests and there is nothing to undermine that presumption. The Court will follow the general presumption and allow Plaintiff's parent to act as guardian ad litem.

### IV.  CONCLUSION AND ORDER

For the foregoing reasons, it is HEREBY ORDERED that Farrah McWilliams' application (ECF No. 10) to be appointed as guardian ad litem for J.M. is GRANTED. Farrah McWilliams shall serve as guardian ad litem for Plaintiff in this action.

IT IS SO ORDERED.

Dated:   **January 10, 2022**                    /s/ Erica P. Grosjean
                                                         UNITED STATES MAGISTRATE JUDGE