# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **J.M., a minor through his guardian ad liem Farrah McWilliams,**<br><br>Plaintiffs<br><br>v.<br><br>**TULARE CITY SCHOOL DISTRICT,**<br><br>**Defendant** | CASE NO. 1:21-CV-1766 AWI EPG<br><br>**ORDER VACATING MAY 16, 2022 HEARING AND ORDER ON DEFENDANTS' MOTION TO DISMISS**<br><br>(Doc. No. 13) |

Currently pending before the Court is a Rule 12(b)(6) motion to dismiss by Defendant. Hearing on this motion is set for May 16, 2022.

*Background*

On December 14, 2021, Plaintiff filed his complaint.

On April 8, 2022, Defendant filed a Rule 12(b)(6) motion to dismiss.

On April 26, 2022, Plaintiff filed his First Amended Complaint ("FAC").

On May 10, 2022, Defendant filed an answer to the FAC.

*Discussion*

Under Rule 15(a)(1)(B), "A party may amend its pleading once as a matter of course: . . . (B) if the pleading is one to which a responsive pleading is required . . . 21 days after service of a motion under Rule 12(b), (e), or (f) . . . ." This rule confers upon a party a right to amend, the only limitations being those found within Rule 15(a)(1) itself. Ramirez v. County of San Bernardino, 806 F.3d 1002, 1007-08 (9th Cir. 2015). Some courts have used the term "absolute

right" in describing a party's ability to amend under Rule 15(a)(1).  E.g. In re Alfes, 709 F.3d 631, 639 (6th Cir. 2013); Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010); James Hurson Assocs., Inc. v. Glickman, 229 F.3d 277, 282-83 (D.C. Cir. 2000).  "[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent" and as no longer performing any function in the case.  Ramirez, 806 F.3d at 1008; see also Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1989).

Here, Plaintiff filed his FAC within twenty-one days from the date Defendant filed its Rule 12(b)(6) motion.  Therefore, the FAC was timely under Rule 15(a)(1)(B).  Because the FAC was timely filed, the FAC is the operative complaint, and the original complaint is now non-existent and performs no function in this case.  See id.  Because Defendants' Rule 12(b)(6) motion is attacking a now non-existent complaint, the Rule 12(b)(6) motion is moot.  See Ramirez, 806 F.3d at 1008; Hal Roach Studios, 896 F.2d at 1546.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Rule 12(b)(6) motion to dismiss (Doc. No. 13) is DENIED as moot; and
2. The May 16, 2022, hearing on Defendants' now moot Rule 12(b)(6) motion is VACATED.

IT IS SO ORDERED.

Dated:   May 11, 2022                              _____
                                                           SENIOR DISTRICT JUDGE