James D. Weakley, Esq.     Bar No. 082853
Matthew P. Bunting, Esq.    Bar No. 306034
WEAKLEY & ARENDT
A Professional Corporation
5200 N. Palm Avenue, Suite 211
Fresno, California 93704
Telephone: (559) 221-5256
Facsimile: (559) 221-5262
Jim@walaw-fresno.com
Matthew@walaw-fresno.com

Attorneys for Defendant, *Tulare City School District*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M., a minor, by and through his guardian ad litem Farrah McWilliams, <br><br> Plaintiff, <br><br> v. <br><br> TULARE CITY SCHOOL DISTRICT, <br><br> Defendant. | CASE NO. 1:21-cv-01766-AWI-EPG <br> [Hon. Anthony W. Ishii] <br><br> Action Filed:  December 14, 2021 <br> Amended Complaint Filed: April 26, 2022 <br> Trial Date:      TBD <br><br> **JOINT STATUS REPORT** <br><br> Scheduling Conference: <br> Date:         July 14, 2022 <br> Time:         10:30 am <br> Courtroom:    10 <br> Erica P. Grosjean <br> U.S. Magistrate Judge |

   Plaintiff J.M., a minor, by and through his *guardian ad litem*, Farrah McWilliams ("Plaintiff"); defendant Tulare City School District ("Defendant"), by and through their respective attorneys of record, hereby submit the following Joint Status Report and Proposed Scheduling Order of the Parties pursuant to the Court's Orders [Docs. 4 and 21].

   The parties met and conferred to produce this Joint Status Report.

/ / /

/ / /

/ / /

Joint Status Report

1

# STATUS REPORT

**1.    Summary of Factual and Legal Contentions**

   **A.    Plaintiff's Contentions**

Plaintiff contends that Defendant violated various federal laws that protect Plaintiff, who is a former student of Defendant who has autism, when it went to "distance learning" due to the COVID-19 global pandemic by failing to provide accommodations so Plaintiff could access distance learning to the same extent as his non-disabled peers.  Plaintiff has also appealed several issues in the underlying due process case regarding Plaintiff's right to a free and appropriate public education ("FAPE").

Plaintiff is a minor.  The Court has appointed his mother as his *guardian ad litem*, Farrah McWilliams.  Plaintiff seeks compensatory damages, statutory interest, costs of suit and legal fees.

   **B.    Defendant's Contentions**

Defendant denies the allegations that it denied Plaintiff a FAPE and that it violated various federal laws.  It contends that "distance learning" was mandated by various governmental entities in response to the COVID-19 global pandemic and was reasonable. Defendant denies liability for all of Plaintiff's claims.

   **C.    Contested Legal Issues**

   1.    Defendant contests the following legal issues:

      a.    Whether Plaintiff was denied a FAPE.

      b.    Whether collateral estoppel or res judicata issues are at play.

   **D.    Uncontested Facts**

   1.    On March 4, 2020, in response to the pandemic, the Governor of the State of California issued Executive Order ("EO") N-26-20.

2. California Education Code § 43503 was amended to allow a school district, for the 2020-2021 school year, to offer distance learning on a "schoolwide level" because of an order or guidance from local or state public health officers. Cal. Ed. Code § 43503(a)(2)(A)-(B).

3. During the 2019-2020 school year, J.M. was a preschool aged student and was enrolled to attend school within Tulare

4. On March 16, 2020, Tulare was closed for in-person instruction as a result of the COVID-19 pandemic.

5. On April 29, 2020, Tulare convened J.M.'s annual IEP. What has become known as the "April 29, 2020 IEP," was developed over the course of several IEP meetings convened during the months of April, May, and June of 2020.

6. On March 22, 2021, J.M.'s parents requested a due process hearing with the Office of Administrative Hearings ("OAH").

7. On September 24, 2021, the OAH issued a decision.

**E.  Uncontested Legal Issues**

Jurisdiction and venue are uncontested.

**F.  Proposed Deadline for Amendments to Pleadings**

The proposed deadline for any amendments to pleadings is **October 7, 2022.**

**G.  Matters Before the Court**

There are presently no matters before the Court.

**H.  Discovery Plan**

1. Rule 26(a)(1) Initial Disclosure Exchange: Parties will exchange initial disclosures thirty (30) days after the Court approves a joint protective order which shall be filed within thirty (30) days of the case management conference.

2. Non-expert Discovery Cut-off: **April 22, 2024.**

3. Mid-Status Discovery Conference: **December 9, 2024.**

4. Disclosure of Expert Witnesses: **May 27, 2024.**

5. Expert Discovery Cut Off: **July 1, 2024.**

6. The parties do not proposed changes to the Fed. R. Civ. P. presumptive limits on discovery.

7. This case concerns three district issues: 1) an appeal of the underlying special education decision; 2) a claim for damages under Section 504 and Title II, and a claim for attorneys' fees.  Provided the uniqueness of these three distinct issues, Parties are proposing to first bifurcate and set a briefing schedule on the special education appeal.  Should Plaintiff be successful, it could eliminate the need to proceed on the remaining claims and Parties can avoid the costs of discovery.  Plaintiff's counsel has reached out to the OAH in an effort to obtain the administrative record which will be provided to the Defendants and lodged with this court as soon as possible.  It is unclear how long it will take the OAH to provide the administrative record.

With respect to the underlying appeal, Parties propose the following schedule:

   a. Plaintiff's and Defendant's opening briefs due by January 30, 2023;

   b. Plaintiff's and Defendant's reply briefs due by March 2, 2023;

   c. Oral argument on or about March 31, 2023.

Following resolution of the appeal of the underlying administrative law decision, the parties request leave to file a Supplemental Joint Status report to address a specific Discovery Plan and timing for any trial (inclusive of dispositive motions etc.).  There is no right to a jury trial for the IDEA appeal, and the Section 504 and Title Claims could be eliminated if Plaintiff's obtains the relief he seeks through his IDEA appeal.

8. The parties do not anticipate taking discovery outside of the United States.

9. The parties anticipate seeking discovery of computer-based information including e-mails, reports, files, social media, and other electronically-stored information. The parties have met and conferred to discuss the scope and categories of discovery and will continue to do so.

**I.  Agreed Upon Dates**

    1. Dispositive Motions: **October 14, 2024.**

    2. Pretrial Conference: **February 17, 2025.**

    3. Trial Date: **April 16, 2025**

**J.  Settlement Discussions**

Settlement discussions are premature at this time.

**K.  Jury Trial**

The IDEA appeal will be decided by the Court via a motion for summary judgement. The parties request a trial by jury.

**L.  Trial Days Estimate**

The parties that a trial would take approximately 7 days.

**M.  Consent to Magistrate Judge**

The parties are unable to consent to magistrate jurisdiction at this time.

**N.  Bifurcation**

While Parties are not seeking bifurcation of the case, they are seeking a structure approach where the IDEA appeal issues are settled first as those do not require a jury trial.

**O.  Related Matters**

There are no related matters.

/ / /

/ / /

Respectfully submitted:

DATED: July 7, 2022              WEAKLEY & ARENDT
                                 A Professional Corporation

                        By:      /s/ James D. Weakley
                                 James D. Weakley
                                 Matthew P. Bunting, Esq.
                                 Attorneys for Defendant Tulare City School District

DATED: July 7, 2022              SHAW FIRM

                        By:      /s/ Daniel R. Shaw
                                 Daniel R. Shaw, Esq.
                                 Attorneys for Plaintiff, J.M.