Daniel R. Shaw, Esq. (SBN 281387)
daniel@snydershaw.com
Collen Snyder, Esq. (SBN 274064)
colleen@snydershaw.om
Snyder & Shaw LLP
3196 S. Higuera St. Suite E
San Luis Obispo, CA 93401
Phone: (805) 439-4646
Facsimile: (805) 301-8030

Attorneys for Plaintiff J.M.

James D. Weakley, Esq. (SBN 082853)
jim@walaw-fresno.com
Matthew P. Bunting. Esq. (SBN 306034)
matthew@walaw-fresno.com
Weakley & Arendt PC
5200 N. Palm Avenue, Suite 211
Fresno, CA 93704
Phone: (559) 221-5262
Facsimile: (559) 221-5262

Attorneys for Defendant, Tulare City School District

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M., a minor, by and through his guardian ad litem Farrah McWilliams,<br><br>Plaintiffs,<br><br>v.<br><br>TULARE CITY SCHOOL DISTRICT.<br><br>Defendants. | Case No. 1:21-CV-01766-AWI-EPG<br><br>[~~PROPOSED~~] ORDER GRANTING JOINT REQUEST TO SEAL ADMINSTRATIVE RECORD |

This matter arises under the Individuals with Disabilities Education Act ("IDEA"). The student, Plaintiff J.M., is currently six years old and has been diagnosed with autism. Plaintiff is seeking judicial review pursuant to 20 U.S.C. § 1415(i)(2)(A) of certain portions of the final administrative decision by the California Office of Administrative Hearings ("OAH") in the underlying due process hearing.

   The due process hearing was held over the course of eleven days in July and August of 2021. The administrative record is voluminous, containing more than 4,000 pages. Nearly all, if not all, of the documents in the administrative record are educational records which contain the minor child's name and other personally identifying information. These documents further contain highly sensitive and private information about the minor child's health, disabilities, intellectual functioning, and adaptive functioning. These documents include multiple psychological assessments, speech and language assessments, occupational therapy assessments, and behavioral assessments of the child.

   The request to seal documents is controlled by Federal Rule of Civil Procedure 26(c). The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

   Generally, documents filed in civil cases are to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and Cty of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003). The Court may seal documents only when the compelling reasons for doing so outweigh the public's right of access. EEOC, 900 F.2d at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States Dist. Ct., 798 F.2d 1289, 1294 (9th Cir. 1986).

   The parties have jointly requested the sealing of the administrative record. This Court finds that compelling reasons exist to seal the administrative record because it consists of private

and sensitive educational and medical records of a child, which are protected from public disclosure by statute.  The record has this information listed throughout making redaction impractical.  Thus, the Court finds a compelling need for the information contained in the record to remain private.

Accordingly, the parties' joint motion to seal the administrative record is GRANTED. IT IS SO ORDERED.[1]


IT IS SO ORDERED.

Dated:  January 30, 2023            _____
                                     SENIOR DISTRICT JUDGE

---

[1] Counsel are advised that this order does not preclude the Court from issuing orders on the public docket which discusses information contained in the sealed administrative record.  The Court may issue orders under seal temporarily and give the parties an opportunity to recommend redactions for the public version of the order.  In this event, failing to recommend redactions may result in the Court docketing the full order, which would open the confidential information public review.

2