Daniel R. Shaw, Esq. (SBN 281387)
daniel@snydershaw.com
Collen Snyder, Esq. (SBN 274064)
colleen@snydershaw.om
Snyder & Shaw LLP
3196 S. Higuera St. Suite E
San Luis Obispo, CA 93401
Phone: (805) 439-4646
Facsimile: (805) 301-8030

Attorneys for Plaintiff J.M.

James D. Weakley, Esq. (SBN 082853)
jim@walaw-fresno.com
Matthew P. Bunting. Esq. (SBN 306034)
matthew@walaw-fresno.com
Weakley & Arendt PC
5200 N. Palm Avenue, Suite 211
Fresno, CA 93704
Phone: (559) 221-5262
Facsimile: (559) 221-5262

Attorneys for Defendant, Tulare City School District

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.M., a minor, by and through his guardian ad litem Farrah McWilliams,<br><br>Plaintiffs,<br><br>v.<br><br>TULARE CITY SCHOOL DISTRICT.<br><br>Defendants. | Case No. 1:21-CV-01766-JLT-EPG<br><br>**[PROPOSED] ORDER GRANTING JOINT REQUEST TO SEAL ADMINSTRATIVE RECORD** |

This matter arises under the Individuals with Disabilities Education Act ("IDEA"). The student, Plaintiff J.M., is currently six years old and has been diagnosed with autism. Plaintiff is seeking judicial review pursuant to 20 U.S.C. § 1415(i)(2)(A) of certain portions of the final administrative decision by the California Office of Administrative Hearings ("OAH") in the underlying due process hearing.

On January 30, 2023, the previously assigned district judge granted a joint request to seal the administrative record in this case. (Doc. 31.) However, a review of the administrative record revealed that there was testimony missing from two witnesses. On March 21, 2023, the Court granted the parties' Stipulation to Modify Schedule Order. (Doc. 40.) The OAH has now provided a transcribed copy of the missing witness examinations.

The due process hearing was held over the course of eleven days in July and August of 2021. Nearly all, if not all, of the documents in the administrative record are educational records which contain the minor child's name and other personally identifying information. These documents further contain highly sensitive and private information about the minor child's health, disabilities, intellectual functioning, and adaptive functioning. These documents include multiple psychological assessments, speech and language assessments, occupational therapy assessments, and behavioral assessments of the child.

Generally, documents filed in civil cases are to be available to the public. *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). The Court may seal documents only when the compelling reasons for doing so outweigh the public's right of access. *EEOC*, 900 F.2d at 170. In evaluating the request, the Court considers the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets. *Valley Broad. Co. v. U.S. District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986).

The parties have jointly requested the sealing of the administrative record. This Court finds that compelling reasons exist to seal the administrative record because it consists of private and sensitive educational and medical records of a child, which are protected from public disclosure under the IDEA, the Family Educational Rights and Privacy Act, and California Education Code § 49076. The record has this information listed throughout making redaction impractical. Thus, the Court finds a compelling need for the information contained in the record to remain private. *See J.M. v. Oakland Unified Sch. Dist.*, No. 17-CV-04986-HSG, 2018 WL

6574190, at *8 (N.D. Cal. Dec. 13, 2018) (sealing entire administrative record in IDEA case because entire administrative record because it consisted of "private and sensitive educational and medical records"), *aff'd*, 804 F. App'x 501 (9th Cir. 2020). Accordingly, the parties' joint motion to seal the administrative record is GRANTED.[1]

IT IS SO ORDERED.

Dated:   **June 30, 2023**

UNITED STATES DISTRICT JUDGE

---

[1] Counsel are advised that this order does not preclude the Court from issuing orders on the public docket which discusses information contained in the sealed administrative record. The Court may issue orders under seal temporarily and give the parties an opportunity to recommend redactions for the public version of the order. In this event, failing to recommend redactions may result in the Court docketing the full order, which would open the confidential information public review.