UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M., a minor, by and through his guardian ad litem Farrah McWilliams, | No. 1:21-cv-01766-KJM-EPG |
| Plaintiff, | ORDER |
| v. | |
| Tulare City School District, | |
| Defendant. | |

      J.M., a minor represented in this action by his mother and guardian ad litem, Farrah McWilliams, requests this court approve the settlement and compromise of J.M.'s claims. The court submitted the motion without oral argument as provided under Local Rule 230(g). For the reasons set forth below, the court **grants** the motion.

**I.      BACKGROUND**

      At the time this action arose, J.M. was a five-year-old and enrolled to attend preschool during the 2019-2020 school year in the Tulare City School District (Tulare or the District). *Id.* On March 16, 2020, Tulare closed in-person instruction due to the COVID-19 pandemic and offered J.M. work packets to be completed at home under McWilliams's supervision. McWilliams reports she attempted to complete the work-packets with J.M. "to no avail" and J.M. engaged in regressive and severe maladaptive behaviors. *Id.* Over the next five months, through at least August 2020, J.M. alleges Tulare convened multiple IEP meetings all of which failed to

1

1    provide an adequate Individualized Education Program (IEP) in accordance with Tulare's duty to
2    offer a Free Appropriate Public Education (FAPE) under the Individuals with Disabilities
3    Education Act (IDEA).  20 U.S.C. § 1400.  McWilliams independently sought out behavioral
4    services through an outside provider, paid for through private insurance, and secured a private
5    preschool program that operated in-person.  J.M. never returned to Tulare as a student and instead
6    enrolled in a public charter school after his private preschool placement.  *Id.* at 7 n.1.

7         On March 22, 2021, McWilliams requested a due process hearing under the IDEA seeking
8    reimbursement for travel costs and the costs of private preschool, among other relief.  *Id.* at 6, 8.
9    While the decision issued by the Office of Administrative Hearings (OAH) found J.M. prevailed
10   on some claims, it did not award J.M. reimbursement for the cost of the private preschool or
11   travel costs, totaling approximately $25,000.  J.M., through his guardian ad litem McWilliams,
12   then filed a complaint on December 14, 2021, requesting a partial reversal of the OAH decision
13   among other claims under 20 U.S.C. § 1415.  Specifically, J.M.'s complaint primarily sought
14   reimbursement and stated a claim for attorneys' fees as the prevailing party in the OAH case
15   under 20 U.S.C. § 1415.

16        On October 10, 2024, the parties reached a proposed settlement and now request the court
17   approve the parties' settlement and J.M.'s compromise.  The defendants agree to pay $150,000 to
18   J.M.'s attorneys, to be placed in a client trust account with Snyder & Shaw LLP (the firm).  The
19   firm will issue a check to McWilliams in the amount of $30,000 to reimburse her for out-of-
20   pocket expenses incurred to place J.M. in private school during the COVID-19 pandemic.  The
21   firm will retain the additional $120,000 as attorneys' fees.  Despite incurring approximately
22   $250,000 in fees to date, the firm agrees to take a reduction in fees to resolve the matter and states
23   that "J.M. nor his parent will be responsible for the remaining fees or costs."  Mot. at 8.  In return,
24   plaintiff agrees to fully release defendant from all claims arising out of or related to any cause of
25   action that was raised or could have been raised up to December 10, 2024.  Plaintiff will also
26   dismiss this lawsuit.  *Id.* at 8–9.

## II. LEGAL STANDARD

District courts have a duty to protect the interests of minor litigants. *See* Fed. R. Civ. P. 17(c)(2) (requiring court to "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action"). This special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also* E.D. Cal. L. R. 202(b) ("No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.").

The Ninth Circuit instructs district courts to "limit the scope of their review to the question of whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. This requires the court to "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182.

## III. ANALYSIS

Under the settlement agreement, the minor child will be entitled to $30,000. Mot. at 8. That amount will be distributed to his mother, McWilliams, to reimburse her for the travel costs and tuition costs associated with attending private school during the COVID-19 pandemic. *Id.* The firm will retain the additional $120,000 as attorneys' fees. *Id.* Because the facts of the instant matter involve a unique factual posture where J.M. "only seek[s] reimbursement for a single year of preschool and transportation costs (mileage reimbursement)," counsel explains "it was challenging to locate cases with similar factual allegations." Mot. at 10. Instead, counsel offers cases with "far worse facts" and similar total compensation. *Id.* at 10–11 (citing *Warchol v. Kings Cnty. Off. of Educ.*, No. 17-00106, 2018 WL 1185053 (E.D. Cal. Mar. 7, 2018) (approving net recovery of $56,488.32 in settlement involving physical abuse of special needs student); *D.C. ex rel. T.C. v. Oakdale Joint Unified Sch. Dist.*, No. 11-01112, 2013 WL 275271

(E.D. Cal. Jan. 23, 2013) (approving $30,000 dispersed to minor and $18,379 dispersed to minor's mother after minor was injured by restraints used against them in school); *T.B. v. Chico Unified Sch. Dist.*, No. 07-00926, 2010 WL 1032669 (E.D. Cal. Mar. 19, 2010) (approving net recovery of $16,500 settlement to minor and $119,088.59 to attorneys for unnecessary use of force by school district).

First, the court assesses J.M.'s proposed recovery and determines the settlement amount of $30,000 is fair and reasonable given the facts of the case, the minor's specific claims and recovery in similar cases. *See Robidoux*, 638 F.3d at 1181–82; E.D. Cal. L. R. 202(b)(2). The proposed settlement ensures J.M. recovers all $25,037.94 associated with the out-of-pocket expenses incurred for his private school tuition, travel expenses and other behavioral services. J.M.'s recovery was rounded up and thus includes an additional $4,962.06. Mot. at 8. The recovery in this case for those costs associated with J.M.'s education is commensurate with other compromises approved in similar cases and awards. *See, e.g.*, *T.B.*, 2010 WL 1032669, at *2. The OAH due process hearing held subject to the IDEA primarily sought parental reimbursement for travel costs and the costs of private preschool and this proposed award ensures J.M. and McWilliams are reimbursed for those costs.

Second, the court finds the attorneys' fees of $120,000 to be fair and reasonable. Absent a showing of good cause, courts in the Eastern District of California generally consider twenty-five percent of the recovery as the benchmark for attorneys' fees in contingency cases for minors. *See L.T. v. United States*, No. 22-00142, 2023 WL 5434423, at *3 (E.D. Cal. Aug. 23, 2023); *Mitchell v. Riverstone Residential Grp.*, No. 11-2202, 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013) (collecting cases). Here the proposed settlement awards eighty percent of the total gross recovery as attorneys' fees. Despite the high percentage of the overall settlement, the court finds good cause exists to award a higher fee in this case considering the unique factual and procedural posture of the case. Beyond reimbursement for out-of-pocket costs, J.M. asserted a claim for attorneys' fees as the prevailing party in his OAH case under 20 U.S.C. § 1415. These attorneys' costs are estimated at $250,000 in connection with nearly four years of representation during the underlying OAH hearing and subsequent appeal. The firm agrees to take a significant

fee reduction to ensure the minor is awarded the entirety of the out-of-pocket costs. Because this Circuit instructs district courts to limit the scope of review to the fairness of the amount distributed to the minor plaintiff and not the value designated for counsel, the court, having determined the minor will be fairly compensated, finds the attorneys' fees to be fair and reasonable. *See, e.g.*, *Robidoux*, 638 F.3d at 1181–82.

### IV.   CONCLUSION

For the reasons set forth above, the court finds the settlement is reasonable and **grants** the joint motion for approval of settlement and compromise of the minor plaintiff's claims.

1) The settlement amount of $30,000 shall be paid to McWilliams.
2) Snyder & Shaw LLP shall retain the remaining $120,000 as attorneys' fees and costs and J.M. nor his parent shall be responsible for any remaining fees or costs.
3) Plaintiff shall file dispositional documents within twenty-one (21) days of the filed date of this order.

This order resolves ECF No. 61.

IT IS SO ORDERED.

DATED: January 24, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE